# United States Court of Appeals

## For the First Circuit

No. 02-1488

BRIAN S. KAUCH,

Plaintiff, Appellant,

v.

DEPARTMENT FOR CHILDREN, YOUTH
AND THEIR FAMILIES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Torruella, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Joseph R. Palumbo, Jr., for appellant.
Linn F. Freedman, Deputy Chief, Civil Division, with whom
Sheldon Whitehouse, Attorney General, were on brief, for appellees.

February 14, 2003

**TORRUELLA**, **Circuit Judge**.  Plaintiff-appellant Brian S. Kauch was married to Joan Berrigan until 1996.  The couple has two children: a son born in 1987 and a daughter born in 1990.  This family's story, as revealed during the course of this litigation, is a sad one, and includes alleged abuse of both children by the parents.  The allegations spurred investigations by Rhode Island's Department for Children, Youth and Their Families ("Department") on several occasions.  The present case asks us to determine whether defendant-appellee Linda Benjamin, an agent of the Department, violated Kauch's constitutional rights when, during the course of an investigation in 2000, she considered records of a 1994 investigation that had been "expunged" by the Department.  We find that her actions were reasonable and therefore affirm the district court's grant of summary judgment for Benjamin.

## I.  Facts

We briefly identify the several allegations of abuse that shape this case.  In 1994, Berrigan reported to the police and the Department that Kauch had sexually abused his daughter.  Kauch, who has always maintained his innocence, was arrested and charged with first degree sexual assault; the Department also investigated the charge.  In 1996, all criminal charges were dropped, and the records in connection with this matter were ordered expunged by the Superior Court.  In 1999, following Kauch's appeal to the

Department, a hearing officer ordered the Department's file on the matter expunged.

In 1998, the Department investigated charges of abuse against Berrigan and Kauch. Both allegations were later determined to be unfounded.[1] In each report, the Department noted Kauch's 1994 alleged sexual abuse of his daughter. Those allegations were properly noted because they had not yet been ordered expunged.

On April 30, 2000, Kauch allegedly used excessive discipline against his son. Berrigan reported the allegation to the police and the Department. Mary Lou Votto, a social worker who treated Kauch's daughter, also reported the incident to the Department. Benjamin, assigned by the Department to investigate the complaint, interviewed Kauch's children and Berrigan about the incident and listened to a recorded call made by Kauch's son after the alleged incident. Benjamin "indicated" the case against Kauch for excessive inappropriate discipline.

During the course of her investigation, Benjamin checked the Department's records and discovered the records of the 1998 investigations, each noting that Kauch had been investigated for sexually abusing his daughter in 1994. Benjamin searched in the computer for the 1994 report and discovered that the case had been

---

[1] The Department deems a case "unfounded" when there is no evidence of abuse, and it "indicates" a case against a person when the investigation leads the case worker to believe that some form of abuse has occurred.

-3-

"overturned," meaning the case had been appealed and ordered expunged. Although the case had been overturned, Benjamin was able to obtain the 1994 file alleging sexual abuse against Kauch. She reviewed the file; she had also learned of the allegations of sexual abuse from Votto and Berrigan.

In June 2000, Benjamin filed two dependency petitions with the Family Court against Kauch, one with respect to each child. Both petitions alleged "substantial risks" of harm to the children. In support of these petitions, Benjamin submitted a letter which alluded to the expunged sexual molestation charges against Kauch. She referred to Kauch as "an indicated sexual perpetrator," although she also noted that the investigation had been overturned. Benjamin urged the Family Court to suspend Kauch's visitation with both his son and daughter.

As a result of Benjamin's investigation, the Rhode Island Family Court monitored the family and ordered all Kauch's visits with his children to be supervised. However, Kauch's visitation rights were never interrupted.

In mid-May 2000, Berrigan made another complaint to the Department, alleging that Kauch had sexually molested his daughter. The Department assigned Arlene Frazier to investigate the allegation. Berrigan and Votto again told the case worker of the 1994 alleged sexual abuse. Kauch denied the allegations and stated that Berrigan was coercing the children into making allegations

-4-

against him.  Based upon her investigation, Frazier "indicated" the case against Kauch for "Other Neglect" of Kauch's daughter, meaning Kauch posed a risk to the child.  She also found the allegations of "Sexual Molestation and Lack of Supervision / Caretaker" to be without basis.  After Frazier's investigation, Benjamin gave her the Department file containing detailed documentation of the 1994 expunged sexual molestation allegations, which Frazier reviewed.

In December 2000, all Family Court petitions against Kauch were withdrawn and the Department's involvement in the case ended.  Currently, Kauch has unsupervised visits with his daughter and custody of his son.

Kauch brought a civil suit under 42 U.S.C. § 1983, claiming that the Department and Benjamin, in her official and individual capacities, violated his constitutional right to familial integrity.  Both defendants filed motions for summary judgment.  The district court granted summary judgment for both defendants on March 26, 2002, holding that the Department, a state agency, is not a "person" as defined in § 1983, and therefore may not be sued.  See Will v. Michigan, 491 U.S. 58, 66 (1989).  The court also held that a state official may not be sued under § 1983 in her official capacity.  See id. at 71.  Finally, regarding the claim against Benjamin in her individual capacity, the court held that Benjamin's conduct did not rise to the level of a constitutional violation, and, even if it was a violation, Benjamin

was entitled to qualified immunity. Kauch only appeals the grant of summary judgment against Benjamin in her individual capacity, asserting that her investigation, including her use of the 1994 expunged material, violated his constitutional right to familial integrity.

## II. Discussion

We review the district court's summary judgment decision de novo, taking the facts in the light most favorable to the nonmoving party. Kelley v. Laforce, 288 F.3d 1, 4 (1st Cir. 2002).

Persons acting under color of law are liable under 42 U.S.C. § 1983 for infringing upon the constitutional or statutory rights of private parties. Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993). It is undisputed that Benjamin, an employee of the Department, was performing functions that were "inherently governmental in nature" when she investigated charges of abuse by Kauch. Frazier v. Bailey, 957 F.2d 920, 928 (1st Cir. 1992). As such, she is amenable to suit under § 1983 and entitled to raise qualified immunity as a defense. Id. The doctrine of qualified immunity "provides a safe harbor for a wide range of mistaken judgments." Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001). Qualified immunity is "'an entitlement not to stand trial or face the other burdens of litigation,'" and, as such, it must be considered early in the

litigation.  Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

A three-part test is used to determine if an official is entitled to qualified immunity.  First, a court considers whether "the plaintiff's allegations, if true, establish a constitutional violation."  Suboh v. Dist. Atty's Office, 298 F.3d 81, 90 (1st Cir. 2002).  Second, we determine whether the right was clearly established at the time of the alleged violation.  Id.  Finally, we determine "whether a reasonable officer, similarly situated, would understand that the challenged conduct violated that established right."  Id.  The answer to each inquiry must be positive to overcome a defense of qualified immunity.  Hatch, 274 F.3d at 20.

The first inquiry, whether or not the alleged facts establish a constitutional violation, is a question of law.  Id. In seeking to overcome a qualified immunity defense, it is insufficient for a plaintiff to merely allege a violation of "familial integrity"; rather, he must specify the rights that have been interfered with.  Frazier, 957 F.2d at 930.  Here, Kauch claims that Benjamin violated his substantive due process rights in the care, custody, companionship, and management of his children. This right, "among the most venerable of the liberty interests embedded in the Constitution," is protected by the Due Process Clause.  Hatch, 274 F.3d at 20.  The question, therefore, is whether Benjamin's actions establish a constitutional violation.

There is no constitutional right to be free from child abuse investigations. Hatch, 274 F.3d at 20. Case workers must walk a fine line between respecting the rights of parents and protecting children, and often are required to make decisions on the basis of limited and conflicting information. See id. at 22. We have held that a case worker may take temporary custody of a child without a hearing, "when the case worker has a reasonable suspicion that child abuse has occurred (or, alternatively, [has a reasonable suspicion] that a threat of abuse is imminent)." Id. at 22. We extend that reasoning to hold that a case worker, when faced with a reasonable suspicion of abuse, may make a recommendation to the Family Court requesting that the family be monitored.

The imposition of supervised visitation occurred only after Benjamin determined, based on interviews and the 1998 Department files, that it was in the children's best interests for the Family Court to monitor Kauch's relationship with both children. The children told Benjamin that Kauch had pushed his son to the floor and then dragged him several feet;[2] Kauch's daughter also stated that she was afraid of her father. Benjamin had difficulty interviewing Kauch regarding the matter. This raised a reasonable suspicion that the children were at risk in their

---

[2] Kauch's son later recanted his story, stating that his mother told him to invent the story of abuse.

father's care. Although Benjamin obtained the expunged files detailing the 1994 allegations of sexual abuse, there is no evidence that she relied heavily on this information in presenting her petition to the family court. After all, the details of the sexual abuse allegations were available to her from other sources. The petitions also note that the allegations were overturned. Benjamin had a reasonable suspicion that child abuse had occurred when she filed the petitions that led to the requirement of supervised visitation. On the facts of this case, the six month supervised visitation requirement did not violate Kauch's substantive due process rights.

Kauch argues that Benjamin had only been assigned to investigate the allegation of abuse of his son, and therefore acted recklessly in pursuing the information she learned about his daughter. We are unwilling to hold that a case worker, acting on information that one child in a family has been abused, should not be allowed to follow up on tips that other children in the family have been abused. Benjamin was alerted to the possible sexual abuse of Kauch's daughter by Berrigan and Votto, as well as from the Department's records. Public policy encourages a case worker, "[w]hen presented with evidence of apparent child abuse," to "act in the interest of an imperilled child -- and it is better to err on the side of caution than to do nothing and await

incontrovertible proof."  Hatch, 274 F.3d at 22.  Benjamin acted

properly in investigating possible abuse of Kauch's daughter.[3]

The sensitive nature of this case has not been lost on

us.  Benjamin, charged with the duty of protecting children from

abuse, investigated Kauch's family aggressively.  In the course of

her investigation, Benjamin came across an expunged record alleging

that Kauch sexually abused his daughter.  Obtaining and using this

expunged record was against the Department's policy, and although

we have held that Kauch's constitutional rights were not violated

under the facts present here, we strongly admonish the Department

for permitting these records to be obtained by case workers.

Unfounded allegations of sexual abuse can have devastating

consequences on a parent.  Here, Kauch succeeded in appealing the

decision and having the record overturned.  The Department has

never adequately explained why the 1994 file was still in existence

or how Benjamin obtained it.  We urge the Department to be more

---

[3]  Finally, Kauch argues that Benjamin acted recklessly in giving
the expunged material to Frazier.  Frazier received the expunged
material after her investigation and maintains that she did not
rely on it when she "indicated" Kauch for neglect; furthermore, her
report stayed within the Department, and there is no evidence that
it was ever presented to the Family Court.  The constitutional harm
Kauch claims he suffered resulted from the imposition of supervised
visitation by the Family Court, and that decision was based solely
on Benjamin's investigation and dependency petition.  While we do
not endorse Benjamin's sharing of the expunged material, because
there is no evidence that it influenced the Family Court's decision
to require supervised visitation, it does not alter our analysis.

conscientious in the future in ensuring that such expunged materials are truly removed from the system.

### III. Conclusion

Even if Kauch's allegations were established, we find that no constitutional right would have been violated. Therefore, our inquiry ends. <u>See</u> <u>Saucier</u>, 533 U.S. at 201. Kauch's claim for violation of familial integrity fails. The decision of the district court is **affirmed**.