USCA1 Opinion

 

Not for Publication in West's Federal Reporter

Citation Limited Pursuant to lst Cir. Loc. R. 32.3

United States Court of Appeals

For the First Circuit

No. 02-1662

FELIX L. RODRIGUEZ-MATEO; SHEILA CAMACHO-COLON; CONJUGAL
PARTNERSHIP RODRIGUEZ-CAMACHO; OCTAVIO FERNANDEZ-REYES; ANABEL
CARABALLO-ROSADO; CONJUGAL PARTNERSHIP FERNANDEZ-CARABALLO;
ALEXANDER RODRIGUEZ-MADERA; ROSALYN RIVERA; CONJUGAL PARTNERSHIP
RODRIGUEZ-RIVERA; HERIBERTO CASTRO; TAMARA FLORES-CALDERON;
CONJUGAL PARTNERSHIP CASTRO-FLORES; ANGEL MORALES-COLON; IRIS
VIOLETA DELGADO; CONJUGAL PARTNERSHIP MORALES-DELGADO; PEDRO J.
MONTES; MADELINE GONZALEZ-PADILLA; CONJUGAL PARTNERSHIP MONTES-GONZALEZ; WINSTON SERRANO-FEBUS; DORIS LOZADA-MARRERO; CONJUGAL
PARTNERSHIP SERRANO-LOZADA,

Plaintiffs, Appellants,

v.

JOSE FUENTES-AGOSTINI; ZOE LABOY; JOHNNY HEREDIA;

FLEMING CASTILLO; LUIS VAZQUEZ-MORAN; MARIA JUDITH CUBANO; 

ANGEL BURGOS; PUERTO RICO POLICE; PEDRO TOLEDO DAVILA; 

SPECIAL INVESTIGATION BUREAU,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge] 

Before

 Lynch, Circuit Judge,

Coffin and Porfilio, (1) Senior Circuit Judges.

 

 Antonio Bauza Torres on brief for appellants.

 Luis Sanchez Betances and Sanchez Betances & Sifre, PSC, on
brief for appellees. 

May 28, 2003

 COFFIN, Senior Circuit Judge. Appellant Félix Rodríguez-Mateo
was among some fifteen to eighteen Puerto Rico corrections
department employees investigated for alleged involvement in the
misappropriation of automobile parts from the repair shop at Rio
Piedras State Penitentiary. Thirteen criminal cases eventually
were prosecuted, leading to nine convictions based on guilty
pleas. (2) Appellant was arrested but never prosecuted. At a
preliminary hearing following his arrest, a magistrate judge found
that the evidence was insufficient to establish probable cause to
indict him. He subsequently brought a civil rights suit against
numerous government and law enforcement officials, claiming that
the nature of the investigation and his arrest violated his rights
under the United States and Puerto Rico constitutions. A
magistrate judge recommended that the claims against all but three
defendants - two investigators and a prosecutor (3) - be dismissed on
various grounds. The district court ultimately granted summary
judgment for all defendants, concluding that the defendants
excepted by the magistrate judge were entitled to qualified
immunity. In this appeal, we review only the qualified immunity
ruling. (4)

 In brief, appellant claims that his constitutional rights were
violated because the appellees executed "an incomplete,
irresponsible and unprofessional investigation" by failing to
corroborate the unreliable, false testimony of the inmate who was
their primary source of information, by disregarding the
exculpatory evidence they obtained from other sources, and by
presenting what they knew or should have known were false
statements to the magistrate judge who issued the arrest warrants. 
Appellant predicates his claim of a constitutional violation
primarily on an allegation of malicious prosecution implicating his
Fourth and Fourteenth Amendment rights.

 Our case law establishes that appellant has no viable claim of
malicious prosecution grounded on either the procedural or
substantive prongs of the Due Process Clause. See Nieves v.
McSweeney, 241 F.3d 46, 53-54 (lst Cir. 2001) (adhering to the view
that "'substantive due process may not furnish the constitutional
peg on which to hang' a federal malicious prosecution tort")
(quoting Albright v. Oliver, 510 U.S. 266, 271 n.4 (1994)); Pérez-Ruiz v. Crespo-Guillén, 25 F.3d 40, 43 (lst Cir. 1994) ("[T]he
availability of an adequate remedy for malicious prosecution under
commonwealth law [P.R. Laws Ann. tit. 31, § 5141]. . . is fatal to
appellants' procedural due process claim."). Although the Fourth
Amendment "provides potentially more fertile soil," Nieves, 241
F.3d at 54, we have explicitly held, after the events that gave
rise to this case, that "[i]t is an open question whether the
Constitution permits the assertion of a section 1983 claim for
malicious prosecution on the basis of an alleged Fourth Amendment
violation," id. (5) Such uncertainty in the legal landscape entitles
state actors to qualified immunity. See, e.g., Kauch v. Dep't for
Children, Youth & Their Families, 321 F.3d 1, 4 (lst Cir. 2003)
(qualified immunity applies if the asserted constitutional right
was not "clearly established" at the time of the alleged
violation). (6)

 Appellant additionally argues that his case remains viable
based on his proposed amended complaint, which was not explicitly
considered by the district court. While that complaint adds
factual background to appellant's contention that his arrest was
made a public spectacle for the benefit of the media and thus
constituted an unreasonable seizure under the Fourth Amendment, his
reliance on the revised complaint to resuscitate his case is
unavailing at this juncture for several reasons: (1) appellant
neither objected to the magistrate judge's decision not to consider
the new complaint nor invoked it as a barrier to summary judgment
during the district court's review of the magistrate judge's
ruling; (2) the new allegations do not specifically link any of the
remaining defendants to particular conduct surrounding the arrest;
and (3) appellant fails to offer meaningful argument, with case
citation, to support a claim that an arrest effectuated in an
unnecessarily public manner constitutes an unlawful seizure under
the Fourth Amendment, or that such a legal principle was clearly
established at the time of his arrest.

 We therefore agree with the district court that appellees
Castillo, Burgos, and Cubano are entitled to qualified immunity,
and we affirm its grant of summary judgment in their favor.

 Affirmed.
1. Of the Tenth Circuit, sitting by designation.
2. Three individuals were acquitted and one case was dismissed 
due to a violation of the Speedy Trial Act. See District Court
Opinion and Order at 11.
3. These defendants, now appellees, are: District Attorney
Fleming Castillo, and Agents María Judith Cubano and Angel Burgos,
members of a task force that was supervised by the Puerto Rico
Department of Justice and charged with investigating the alleged
illegal activity by corrections officers.
4. Although the case originally involved seven corrections
department plaintiffs and ten defendants, it is limited at this
stage to one plaintiff-appellant and three defendants-appellees for
two reasons. First, plaintiffs failed to file objections to the
magistrate judge's recommendation that the case be dismissed
against all but the three defendants identified above. Their
untimely response to the recommended decision, filed more than a
week after an extended deadline and three days after the district
court issued its decision, was in effect only a response to the
defendants' objections to the magistrate judge's report. The
absence of timely objections precludes review in this court of the
judgments in favor of the other defendants. See Fed. R. Civ. P.
72(b); U.S. Dist. Ct. Rules D.P.R., Rule 510.2, 510.2A; see also
United States v. Mitchell, 85 F.3d 800, 803 (lst Cir. 1996)
("'There can be no appeal from a magistrate's report and
recommendation unless objections are filed thereto.'" (citation
omitted)). Second, the appeal as argued is brought only on behalf
of Rodríguez-Mateo, the other plaintiffs apparently having decided
to forgo further review.
5. In characterizing the law as unsettled, we relied in Nieves
on the Supreme Court's decision in Albright, issued in 1994, three
years before the investigation leading to appellant's arrest. See
Albright, 510 U.S. at 271 n.4 ("[T]he extent to which a claim of
malicious prosecution is actionable under § 1983 is one 'on which
there is an embarrassing diversity of judicial opinion.'" (citation
omitted)); id. at 275 ("We express no view as to whether
petitioner's claim would succeed under the Fourth Amendment . . .
.").
6. Although appellees' entitlement to immunity precludes any
need to address the issue substantively, we wish to indicate that
even if it had been clearly established that the Fourth Amendment
embraced malicious prosecution, appellant's claim suffered multiple
defects, including that a substantial number of the similarly based
investigations resulted in convictions and that appellant has not 
identified any false information or a basis for believing appellees
knew or should have known of it.

 We note appellant's assertion that appellees' pursuit of an
arrest warrant without a hearing, allegedly in violation of Rule 6
of the Puerto Rico Rules of Criminal Procedure, see 34 P.R. Laws
Ann. App. II R. 6, evidences an awareness that their informant's
lack of credibility would have been unveiled in a pre-arrest
proceeding. The Rule, however, offers alternative procedures,
including one without a hearing. Whether or not the rule was
violated - and appellant fails to develop the point - we find it of
little significance. He invokes the Rule to reinforce his argument
that appellees knew that their key witness was unreliable - an
allegation undermined by the successful prosecutions.