10-1072-cv
*Bukovinsky v. Sullivan County Division of Health*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of November, two thousand and ten.

PRESENT: JOSEPH M. McLAUGHLIN,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
             *Circuit Judges.*

------

JOHANN BUKOVINSKY,

        *Plaintiff-Appellant,*

    -v.-                    10-1072-cv

SULLIVAN COUNTY DIVISION OF HEALTH AND FAMILY SERVICES, STAR HESSE, SUED IN HER INDIVIDUAL CAPACITY,

        *Defendants-Appellees.*[*]

------

[*] The Clerk of the Court is directed to amend the official caption in this action to conform to the caption in this order.

FOR APPELLANT:    MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

FOR APPELLEES:    CHERYL A. McCAUSLAND, Senior Assistant County Attorney, *for* Samuel S. Yasgur, County Attorney for the County of Sullivan, Monticello, NY.

Appeal from the Southern District of New York (Robinson, *J.* & Young, *J.*).[**]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Johann Bukovinsky ["Appellant"] appeals from a judgment of the United States District Court for the Southern District of New York (Robinson, *J.*), which granted summary judgment to Defendant Hesse ["Hesse"], and a subsequent order of the Southern District (Young, *J.*, sitting by designation from the District of Massachusetts), which granted summary judgment to Defendant Sullivan County Division of Health and Family Services ["DHFS"].  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant asks this Court to vacate and reverse the

---

[**]Judge Robinson granted Defendant Hesse's motion for summary judgment on January 16, 2008. The Honorable William G. Young of the District of Massachusetts, sitting by designation, granted Defendant Sullivan County Division of Health and Family Services's motion for summary judgment on February 24, 2010.

decisions of the District Court, and to remand the matter for a trial on the merits. Specifically, Appellant contends that the District Court erred in granting summary judgment to Hesse on the claim that she violated Appellant's liberty interest in maintaining a parental relationship with his daughter. Appellant also contends that the District Court erred in granting summary judgment to DHFS on the claim that that governmental entity failed to properly train and supervise its employee Hesse. The parties have briefed the issue of qualified immunity for Hesse as an alternative ground on which this Court might see fit to affirm the grant of summary judgment in her favor.

In 1995, Appellant was indicated by DHFS for inadequate guardianship, pursuant to New York Soc. Serv. L. § 424(7). That indication was subsequently overturned, marked as unfounded, and expunged. However, an indication against Appellant's then-wife for inadequate guardianship, along with investigative materials relating to charges against both parents, were not expunged.

In March 2001, new allegations against Appellant by one of his daughters prompted Hesse, a case worker employed by DHFS, to begin a new investigation. Hesse eventually

3

indicated Appellant, based in part on non-expunged materials from Appellant's 1995 case file. In or about November 2002, an Administrative Law Judge ordered that this new indication against Appellant be changed to "unfounded" and the file be sealed, after DHFS conceded that the indication could not be sustained.

The investigation of a child services worker "passes constitutional muster provided simply that [the] case worker [has] a 'reasonable basis' for [his or her] findings of abuse." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999) (quoting *Van Emrik v. Chemung Cnty. Dep't of Soc. Servs.*, 911 F.2d 863, 866 (2d Cir. 1990)). Supplementing the general requirement of reasonableness, this Court has explained that in order to rise to the level of a Due Process violation, a case worker's actions must be "'shocking, arbitrary, and egregious.'" *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999). Further, an indication of abuse need only be "consistent with some significant portion of the evidence" amassed by the case worker. *Wilkinson*, 182 F.3d at 108.

While Hesse's investigation was far from flawless,

4

those flaws did not constitute a violation of Appellant's Due Process rights. Hesse's investigation was based on allegations of abuse, supplemented by non-expunged portions of a prior investigation against Appellant. The First Circuit has held that the use of even expunged materials does not *ipso facto* rise to the level of a Constitutional violation. *See Kauch v. Dep't for Children, Youth and Their Families*, 321 F.3d 1, 5 (1st Cir. 2003).

Finding the reasoning of our sister Circuit persuasive, we note that Hesse's actions were less serious than those of the case worker in *Kauch*, since that worker did in fact utilize material that had been wholly expunged. *See id*. at 4. We are not prepared to rule that a case worker violates the rights of an alleged abuser when that case worker bases a new indication of abuse partially on materials relating to a prior investigation, only the final results of which have been expunged.

Since we conclude that Hesse's investigation did not violate Appellant's Constitutional rights, we need not reach the issue of whether Hesse enjoys qualified immunity for her actions. Summary judgment in her favor was appropriate. Further, since no Constitutional violation has been

established, we affirm the grant of summary judgment in favor of DHFS on the claim of failure to train and supervise.  We have considered Appellant's remaining arguments and find them without merit.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk