Freddie Viera CLASS, et als, Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et. als., Defendants.

No. 02–2604(DRD).

United States District Court, D. Puerto Rico.

March 23, 2004.

Jose M. Casanova–Edelman, San Juan, PR, for Plaintiffs.

Ana M. Margarida–Julia, San Juan, PR, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Pablo Landrau–Pirazzi, Aldarondo & Lopez Bras, Hato Rey, PR, for Defendants.

Raymundi Mundo–Martinez, Guaynabo, PR, pro se.

## *ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is Defendants Municipio de Guaynabo and its Mayor Hector O'Neill *Motion for Judgment on the Pleadings* (Docket No. 18). The Plaintiffs have filed their *Opposition to Judgment on the Pleadings* (Docket No. 21), and an *Amended Opposition to Judgment on the Pleadings* (Docket No. 27) and the correspondent *Defendants' Municipio de Guaynabo Reply to Plaintiff's "Amended Opposition to Judgment on the Pleadings"* (Docket No. 29). Finally, the Plaintiffs submitted their *Opposition to Reply to Plaintiff's Amended Opposition to Judgment on the Pleadings* (DocketNo.30). For the reasons set forth the Court **DENIES** Defendants' *Motion for Judgment on the Pleadings.* (Docket No. 18).

## I. JUDGMENT ON THE PLEADINGS AND FED.R.CIV.P. 12(c)

The FEDERAL RULES OF CIVIL PROCEDURE allow a party to move for judgment on the pleadings, "[a]fter the pleadings are closed but within such time as not to delay the trial...." *See* FED.R.CIV.P. 12(c). When considering a motion under Rule 12(c), courts "must accept all of the non-movant's well-pleaded factual averment as true and draw all reasonable inferences in [his or her] favor." *See Santiago de Castro v. Morales Medina,* 943 F.2d 129, 130 (1st Cir.1991)(*citing Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988)).

■ Although recently the First Circuit Court of Appeals recognized that "nothing in the text of Rule 12(c) compels [a] court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings," *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 8 (1st Cir.2002), on several previous occasions that Court has consistently reiterated the long-standing standard that judgment on the pleadings, under Rule 12(c), "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." *Feliciano v. Rhode Island,* 160 F.3d 780, 788 (1st Cir.1998); *Gaskell v. Harvard Cooperative Society,* 3 F.3d 495, 497–98 (1st Cir. 1993); *International Paper Co. v. Jay,* 928 F.2d 480, 482 (1st Cir.1991). Thus, under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations, but rather plaintiffs must set forth in their complaint specific, nonconclusory factual allegations regarding each material element necessary to sustain recovery. *Coyne v. City of Somerville,* 972 F.2d 440, 444 (1st Cir.1992); *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989).

■ Rule 12(c) allows the moving party to submit evidence outside the pleadings on a motion under this rule, upon the court's acceptance of such material. If said matters submitted are accepted by the court, the Rule 12(c) motion shall be regarded as a motion for summary judgment and disposition shall be made in accordance with Rule 56 Fed.R.Civ.P. 5A Wright & Miller, *Federal Practice and Procedure,* § 1371, p. 540–41. It is within the sound discretion of the court to accept the evidence submitted outside the pleadings therefore, treating said Rule 12(c) motion as one for summary judgment. *PVM Redwood Co. v. U.S.,* 686 F.2d 1327, 1331 (9th Cir.1982).

■ Nevertheless, conversion of a Rule 12(c) motion to a motion for summary judgment, should only occur after the parties have been offered a "reasonable opportunity to present pertinent summary

judgment materials." *Rubert–Torres v. Hospital San Pablo, Inc.* 205 F.3d 472, 475 (1st Cir.2000). The Courts have been consistent disfavoring conversion when: 1) the motion is submitted quickly after the complaint has been filed, 2) the discovery is in its infancy and the non-movant is limited in obtaining and submitting evidence to counter the motion, or 3) the non-movant does not have the reasonable notice that a conversion may occur. *Rubert–Torres*, 205 F.3d at 475. The standard of review for the court's converting a motion for judgment on the pleadings to a motion for summary judgment is for abuse of discretion. *Rubert–Torres*, 205 F.3d at 475 (*citing, Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir.1990)).

## II. FACTUAL BACKGROUND

Plaintiff's complaint (Docket No. 1) presents claims against Defendants Municipio de Guaynabo (Municipality) and its Mayor, Hector O'Neill (O'Neill) in his official and individual capacity. Plaintiffs' cause of action against the Defendants stems from injuries caused as a result of a Guaynabo Municipal Guard firing a weapon and striking Plaintiff in the back. The claims were filed pursuant to 42 U.S.C. §§ 1982, 1983, 1985 and 1988. Both Defendants, the Municipio and O'Neill, seeks the dismissal on the basis that the complaint is time barred since it was filed past the one-year statute of limitations provided by Puerto Rico law.

■ First, the Municipality and O'Neill propose that Plaintiffs had sent a letter of extra-judicial claim to the Secretary of Justice (Secretary) with the intent to toll the statute of limitations provided by law. The Municipality and O'Neill affirm that although the Commonwealth of Puerto Rico (Commonwealth) and the Secretary are Co-defendants to the instant litigation, the body of the complaint does not contain any allegations against the latter hence under no circumstances, Municipio and O'Neill cannot be found jointly and severally liable in this case with the Commonwealth and the Secretary. Normally in joint tort feasory liability under Puerto Rican law, the tolling as to one tolls as to all. *Rodriguez Narvaez v. Nazario,* 895 F.2d 38 (1st Cir.1990). However, the Municipality and O'Neill allege no joint tort feasor allegations are made in the complaint as to the Commonwealth and the Secretary with them. Therefore, since the four parties are not jointly and severally liable the letter addressed to the Secretary did not toll the statute of limitations against Municipality and O'Neill. The Municipality and O'Neill requested leave to file as supporting document copy of the Spanish language letter addressed to the Secretary.

The Plaintiffs counter by asserting that independently of the letter addressed to the Secretary a second letter of extra-judicial claim was mailed to the Municipality through O'Neill. (Docket No. 21). Plaintiffs attached to their opposition a Certified Mail Receipt (Docket No. 21, Exhibit A) addressed to O'Neill and a Subpoena from the Bayamon District Attorney (Docket No. 21, Exhibit B), documents filed in the Spanish language without leave of the Court.

On June 11, 2003, the Court issued an Order to Plaintiff to "produce by June 27, 2003 any prescriptive [tolling] mechanisms (with English translations) which may toll the statute of limitations" and failure to comply would result in considering Plaintiff's opposition without supporting evidence which in turns could lead to the causes of action being time barred. (Docket No. 25). Plaintiffs then filed an amended opposition (Docket No. 27) and claimed that there were other undertaking subsequent acts which constituted a con-

tinuous violation of Plaintiff's rights and, attached the same attachments as in its previous opposition with the difference that this time a non-certified translation of said exhibits was included. Finally, an opposition to reply was filed and this time a translated letter addressed to O'Neill was included as exhibit. Needless is to say, neither of said letters was duly translated as required by the rules of the Court.

## III. LEGAL ANALYSIS

The standard provided by the First Circuit Court of Appeals caselaw as stated hereinbefore, is consistent as to not granting a Rule 12(c) unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief. Further, the Court must accept as true all well-pleaded factual claims and all reasonable inferences have been made in favor of Plaintiff.

■ First, the Court must examine the Defendants' motion for judgment on the pleadings in order to provide a determination of the substantive merits of the controversy, meaning that unless it is clear that the merits of the controversy can be fairly and fully decided in a summary manner, the motion should be denied. The issue before the Court is to determine if Plaintiffs' causes of action against the Municipality and O'Neill are time barred due to the fact that the statute of limitations was never tolled.

■ The Defendant' pending motion has an attachment and so does Plaintiffs' opposition. Technically, the Court could consider Defendants' motion as one for summary judgment and Plaintiffs' as the opposition. It shall be noted that these motions suffer from the serious defect that they were filed in the Spanish language without certified translations. It is well-settled that any document filed with this Court in a language other than English shall be accompanied by certified translation. D.P.R. Local Rule 5.1(d); *see also Gonzalez–Morales v. Hernandez Arencibia*, 221 F.3d 45, 50 n. 4 (1st Cir.2000)(finding that appellants had waived arguments premised on documents for which they had not provided translations).

It is evident to the Court that the Rule 12(c) motion has become a Summary Judgment Motion and the Court should provide the parties with opportunities to present all materials converting the motion to a Summary Judgment. *Rubert–Torres*, 205 F.3d at 475. Since both parties have incorporated materials outside the pleadings, "a party who invites conversion scarcely can be heard to complain when the trial court accepts the invitation." *Rubert–Torres*, 205 F.3d at 476. Hence the Court prefers that because the motion has been converted to a Summary Judgment, the parties then fully comply with all requirements of this District Court for the filing of a Summary Judgment motion. *See, Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001); *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 927 (1st Cir.1983).

The Court holds that material issue of facts exists as to whether the instant complaint is time barred or not. The Court believes that there are enough allegations in Plaintiffs' pleadings that, if proved, would permit recovery from Municipality and O'Neill. It may very well be that the case is time barred, but the request must be made via a Summary Judgment request pursuant to Rule 56, Fed.R.Civ.P. and Rule 56, Loc.R.

## IV. CONCLUSION

Defendants' *Motion for Judgment on the Pleadings* (Docket No. 18) is **DENIED**

**WITHOUT PREJUDICE.** Defendants may re-submit their averments **within thirty (30) days** in a motion for summary judgment pursuant to Rule 56, Fed.R.Civ. P., 28 U.S.C.A. and Rule 56, Loc.R. **Plaintiffs and Defendants are forewarned that documents to be filed shall be translated pursuant to Rule 5.1 Loc.R. No extensions shall be granted as both parties should have these documents** readily available and translated.

**IT IS SO ORDERED.**