# United States Court of Appeals
## For the First Circuit

No. 06-2310

IN RE: CITY OF FALL RIVER, MASSACHUSETTS;
THOMAS F. REILLY, Attorney General of the Commonwealth
of Massachusetts; PATRICK C. LYNCH, Attorney General of the State
of Rhode Island,

Petitioners.

ON PETITION FOR A WRIT OF MANDAMUS TO COMPEL ACTION
BY THE UNITED STATES DEPARTMENT OF TRANSPORTATION

Before

Boudin, Chief Judge,

Selya and Lynch, Circuit Judges.

Thomas F. McGuire, Jr., City of Fall River, with whom Thomas
F. Reilly, Massachusetts Attorney General, James R. Milkey,
Assistant Attorney General, Chief, Environmental Protection
Division, Office of the Attorney General, Carol Iancu, Assistant
Attorney General, Environmental Protection Division, Office of the
Attorney General, Patrick C. Lynch, Rhode Island Attorney General,
Paul Roberti, Assistant Attorney General, Chief, Regulatory Unit,
and Terence Tierney, Special Assistant Attorney General, Rhode
Island Department of the Attorney General, were on Petition for a
Writ of Mandamus to Compel Action by the United States Department
of Transportation.
Catherine Y. Hancock, Appellate Staff, Civil Division,
Department of Justice, with whom Peter D. Keisler, Assistant
Attorney General, Michael S. Raab, Appellate Staff, Civil Division,
Department of Justice, Rosalind A. Knapp, Acting General Counsel,
Paul M. Geier, Assistant General Counsel for Litigation, Peter J.
Plocki, Mary F. Withum, Office of General Counsel, U.S. Department
of Transportation, Krista L. Edwards, Chief Counsel, and Denise L.
Desautels, Office of the Chief Counsel, Pipeline and Hazardous
Materials Safety Administration, were on Response to Petition for
Writ of Mandamus.
Bruce F. Kiely, G. Mark Cook, D. Kirk Morgan II, Adam J.
White and Baker Botts L.L.P. on Response of Intervenors Weaver's

Cove Energy, LLC, and Mill River Pipeline, LLC, to Petition of
City of Fall River, et al., for a Writ of Mandamus.

_____

November 28, 2006

_____

**BOUDIN**, <u>**Chief Judge**</u>.  The City of Fall River, Massachusetts, and the Attorneys General of Massachusetts and Rhode Island, filed a petition in this court to compel the U.S. Department of Transportation (DOT) to take two different actions. One was to issue regulations that the petitioners say were required by a statute adopted many years ago; the other, to rule on a long-pending petition for rulemaking.

Petitioners' ultimate target is an application filed by Weaver's Cove Energy, LLC, on December 19, 2003, to construct and operate a liquified natural gas (LNG) facility in Fall River, Massachusetts.  The Federal Energy Regulatory Commission ("FERC") granted the application, and a petition for review is currently pending before this court in another case.  <u>City of Fall River</u> v. <u>FERC</u>, Nos. 06-1203, 06-1204, 06-1220, 06-2146, 06-2147.  In granting the application, FERC noted that it was applying regulations governing LNG facilities adopted by DOT.  <u>Weaver's Cove Energy, LLC</u>, 112 F.E.R.C. 61,070, 61,534 (July 15, 2005).

The regulations applied by FERC were promulgated by DOT in February 1980, <u>see</u> Liquified Natural Gas Facilities; New Federal Safety Standards, 45 Fed. Reg. 9,184 (Feb. 11, 1980) (to be codified at 49 C.F.R. pt. 193), pursuant to a statutory directive adopted by Congress in November 1979.  <u>See</u> Pipeline Safety Act of 1979, Pub. L. No. 96-129, § 152(a), 93 Stat. 989, 999 (1979) (codified at 49 U.S.C. § 60103(a) (2000)).  It is petitioners'

-3-

position that the regulations do not directly address the safe siting of LNG facilities and therefore do not satisfy the statute. After Weaver's Cove filed its application, the petitioners filed a petition for rulemaking with DOT in September 2004 asking it to adopt revised regulations to address safe siting.

DOT has repeatedly taken the position that its original regulations did address safe siting and complied with the 1979 statute. It did not take any immediate action on the petition for rulemaking. After that petition had been pending for nearly two years, petitioners filed the present mandamus petition with this court asking that we compel DOT (1) to adopt regulations to address safe siting and (2) to act on petitioners' petition for rulemaking.

DOT and Weaver's Cove oppose the petition for mandamus. They argue that the petitioners' second request (to compel a ruling on the petition for rulemaking) is moot, which petitioners concede: this is because on October 25, 2006, DOT finally acted on the petition by denying it. U.S. Dep't of Transp., Re: Petition for Rulemaking by the Commonwealth of Massachusetts and the State of Rhode Island (No. PHMSA-2004-19208, Oct. 25, 2006).[1]

As to the first request (to compel compliance with the 1979 statute), DOT and Weaver's Cove make three arguments: (1) that the requirements for mandamus are not met, (2) that the

---

[1]The petitioners in this case have just appealed from the denial by the Acting Associate Administrator for Pipeline Safety to the DOT administrator by an appeal dated November 13, 2006.

-4-

request is an out-of-time challenge to earlier regulations,[2] and (3) (if the court reaches the merits) that the existing regulations do address safe siting.  We agree that the requirements for mandamus are not met and decline to address the other two issues of timeliness and the merits.

Mandamus is regarded as an extraordinary writ reserved for special situations.  Among its ordinary preconditions are that the agency or official have acted (or failed to act) in disregard of a clear legal duty and that there be no adequate conventional means for review.  In re Bluewater Network & Ocean Advocates, 234 F.3d 1305, 1315 (D.C. Cir. 2000); Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70, 78 (D.C. Cir. 1984).

Final agency action, including a final refusal to act, is ordinarily reviewable in a federal court; if no specific statutory scheme is provided, the Administrative Procedure Act permits a district court action for injunctive relief, 5 U.S.C. § 702 (2000)--the traditional standby means for review of government action where no more specific statute controls.  E.g., 28 U.S.C. § 2342 (2000).  The question, then, is why mandamus should be considered in the face of this conventional review mechanism.

---

[2]The timeliness issue arises because the 1979 statute provides for review by petition to an appropriate circuit court of the original regulations under the statute and any amendments to them, but also fixes a relatively short time limit for the filing of such petitions.  49 U.S.C. § 1675(a) (1980) (recodified at 49 U.S.C. § 60119(a) (2000)).

One might expect, for example, that the petitioners could ask the agency to adopt site safety standards, arguing that the present standards are inadequate, and then seek judicial review if and when the agency denied this request. It may be that the DOT's recent denial of petitioners' petition for rulemaking would, after exhaustion of internal remedies, be a possible vehicle for obtaining the judicial review they seek; but this is an issue we need not pursue. The point is that, questioned at oral argument, counsel for petitioners could not explain why such a conventional means was inadequate.

It is unclear whether DOT would argue that such a petition seeking new regulations was itself subject to the time bar (see note 2, above); but if there were such a bar it could hardly be avoided by using mandamus as the vehicle for attack. Petitioners' counsel also complained that when new regulations are sought, DOT regulations require the petitioner to describe the new regulations desired; but it is hard to see why petitioners could not describe what they want.

Petitioners' counsel implied in oral argument that any insistence on the formalities of conventional review was a waste of time since the case would reemerge in this court in due course. That is far from clear. And, even if it were true, the fact remains that no good reason whatever has yet been provided to us for by-passing ordinary procedures for review of agency action.

Insofar as the petition sought to compel the agency to act on the petition for rulemaking, the request for mandamus is <u>dismissed</u> as moot. In all other respects, the petition is <u>denied</u>.

<u>It is so ordered</u>.