**Pablo ESTEVES GONZALES, Plaintiff**

v.

**EMBAJADA DE LA REPUBLICA DOMINICANA, Defendant.**

**Civil No. 07–1539 (JP).**

United States District Court, D. Puerto Rico.

July 3, 2007.

Pablo Esteves–González, Pro Se, Guayama, PR, for Plaintiff.

***OPINION AND ORDER***

JAIME PIERAS, JR., Senior District Judge.

The plaintiff, an inmate held in state prison in Guayama, Puerto Rico, filed the instant Complaint. The Complaint will be dismissed with prejudice on several grounds.

All documents filed before this Court must be filed in the English language, or else be accompanied by an English translation certified by a Court interpreter. Local Rule 10(b). The First Circuit does not allow this Court to exercise its discretion to allow parties to file Spanish language documents, *see e.g., González–De-Blasini v. Family Dep't,* 377 F.3d 81, 88 (1st Cir.2004). The plaintiff's complaint, which was filed in Spanish, must be dismissed with prejudice for failure to comply with Local Rule 10(b).

The complaint must also be dismissed for failure to comply with the Court's filing fee requirements. Upon filing a complaint, the plaintiff must either pay the filing fee, or file a motion for leave to proceed *in forma pauperis,* together with an affidavit showing in detail the party's inability to pay fees and costs. Local Rule 3.1(a). Applications by incarcerated per-

sons must also be accompanied by a trust fund account statement, certified by the institution, showing the average monthly deposits to and the average monthly balance in the plaintiff's account for the six-month period preceding the complaint. 28 U.S.C. § 1915(a)(2); Local Rule 3.1(b)(2). Here, the plaintiff did not pay the filing fee, and did not file the required documents in support of a motion for leave to proceed *in forma pauperis.* Such failures also support the Court's dismissal of the complaint with prejudice for failure to prosecute.

Finally, the Court dismisses the case with prejudice *sua sponte* for failure to state a claim upon which relief may be granted. The plaintiff alleges in his complaint that he has written the Ambassador of the Dominican Republic to the United States five times, and has received no response. The plaintiff alleges that he has disputes with the institution in which he is incarcerated, and petitions for a writ of *mandamus* compelling the Ambassador to send a representative from his office to interview the plaintiff and help the plaintiff resolve his disputes diplomatically. *Mandamus* is an extraordinary writ reserved for special situations. *In re City of Fall River, Mass.,* 470 F.3d 30, 32 (1st Cir. 2006). Among its preconditions are that the agency or official acted or failed to act in disregard of a clear legal duty and that there is no adequate conventional means for review. *Id.* at 32. This Court's *mandamus* jurisdiction is limited to petitions compelling an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. The plaintiff's complaint must be dismissed with prejudice, because the Ambassador is not an official or employee of the United States, and has no clear legal duty to respond to the plaintiff's inquiries, and the complaint otherwise fails to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**