**Muhammad KHITAB**

v.

**Paul NOVAK, Denis Riordan, Emilio Gonzalez, Michael Chertoff, Alberto Gonzales, Thomas E. Bush III and Michael Sullivan.**

Civil Action No. 07–11060–RGS.

United States District Court,
D. Massachusetts.

Nov. 21, 2007.

Saher J. MaCarius, The Law Offices of Saher Joseph MaCarius, Framingham, MA, for Plaintiff.

Michael P. Sady, United States Attorney's Office, Boston, MA, for Defendants.

---

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

STEARNS, District Judge.

Muhammad Khitab brought this lawsuit pursuant to 5 U.S.C. § 701 *et seq.* and 8 U.S.C. §§ 1446 and 1447(b) to prompt action by immigration authorities on his petition for naturalization. The Complaint, filed on June 7, 2007, asks the court to take jurisdiction as defendants had failed to act on his application within the statutorily prescribed 120 days.[1] However, on November 1, 2007, The United States Citizenship and Immigration Services (CIS) denied Khitab's application citing his failure to disclose detentions at secondary airports and border inspections as required by the pertinent regulations. *See* Opposition Memorandum, at 2. Defendants—the agencies and officials who oversee the naturalization system[2]—collectively move to dismiss the case, arguing that the court lacks subject matter jurisdiction.

I agree. Under the Immigration and Naturalization Act (INA), CIS is responsible for processing and adjudicating naturalization applications. *See* 8 U.S.C. § 1446(a)-(c). DHS, whose Secretary has the "sole authority" to naturalize persons as United States citizens, has established regulations governing the naturalization process. *See* 8 C.F.R. § 335.1 *et seq.* If CIS denies a naturalization petition, the applicant may then seek an internal review by requesting a hearing before an immigration officer. 8 U.S.C. § 1447(a). If, after the hearing, the denial of the petition is affirmed, the applicant may then seek judicial review in the district court. 8 U.S.C. § 1421(c).[3] *See generally Jalloh v. Dep't of Homeland Security,* 2005 WL 591246, *3 n. 6 (D.Mass. March 11, 2005).

Because the APA authorizes judicial review only of "final" agency decisions, there is no right under the APA to a review of CIS's preliminary denial of a naturalization application. *See* 5 U.S.C. § 706; *Al Gadi Gadi v. Chertoff,* 2007 WL 1140825, *5 (E.D.Cal., April 17, 2007). Under the Mandamus and Venue Act (MVA),[4] federal district courts have "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, to be entitled to man-

---

1. Section 1447(b) states in relevant part that a applicant may request a hearing before district court "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

2. Specifically, they are Paul Novak, the District Director of the United States Citizenship and Immigration Services (CIS), CIS Boston District Office Director Denis Riordan, CIS Director Emilio Gonzalez, Department of Homeland Security Secretary Michael Cher-

toff, (former) United States Attorney General Alberto Gonzales, Thomas Bush, Assistant Director of the FBI, and Michael Sullivan, United States Attorney for the District of Massachusetts.

3. Section 1421(c), which is jurisdictional in nature, specifically provides that "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides...."

4. Khitab has the burden of establishing the court's subject matter jurisdiction. *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178, 188–189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

damus relief, a movant must show that: (1) his claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other remedy offering adequate relief is available. *In re City of Fall River, Mass.,* 470 F.3d 30, 32 (1st Cir.2006); *In re Bluewater Network & Ocean Advocates,* 234 F.3d 1305, 1315 (D.C.Cir.2000). Mandamus is an extraordinary writ that is reserved for special situations in which an agency or official has failed to act (or has acted) in disregard of a clear legal duty and where there is no adequate conventional means for review, such as that provided by the APA. *In re City of Fall River,* 470 F.3d at 32. *See also Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988). As Khitab has the right to appeal the CIS denial of his application in the ordinary course, a writ of mandamus would be inappropriate.

### ORDER

For the foregoing reasons, defendants' motion to dismiss is *ALLOWED.*

SO ORDERED.