# United States Court of Appeals
## For the First Circuit

No. 07-1394

DOLORES H. CAO,

Plaintiff, Appellant,

v.

COMMONWEALTH OF PUERTO RICO THROUGH THE SECRETARY OF JUSTICE,
ROBERTO SÁNCHEZ-RAMOS; PUERTO RICO DEPARTMENT OF FAMILY;
PUERTO RICO DEPARTMENT OF FAMILY, UNIT OF SUBSTITUTE CARE
OF ADULTS; FÉLIX MATOS-RODRÍGUEZ, in his personal capacity and as
Secretary of the Department of the Family; STATE PSYCHIATRIC
HOSPITAL; ADMINISTRATOR B OF STATE PSYCHIATRIC HOSPITAL,
DOCTOR X; UNKNOWN DEFENDANTS; AB INSURANCE COMPANY;
BC INSURANCE COMPANY; CD INSURANCE COMPANY;
DF INSURANCE COMPANY; FG INSURANCE COMPANY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. Senior District Judge]

Before

Torruella, Circuit Judge,
Baldock,[*] Senior Circuit Judge,
and Smith,[**] District Judge.

Ralph Vallone, Jr., with whom Ralph Vallone, Jr. Law Offices
was on brief, for appellant.
Susana I. Peñagarícano-Brown, Assistant Solicitor General,
Department of Justice, with whom Salvador J. Antonetti-Stutts,
Solicitor General, Mariana Negrón-Vargas, Deputy Solicitor General,
and Maite D. Oronoz-Rodríguez, Deputy Solicitor General, were on

---

[*] Of the Tenth Circuit, sitting by designation.

[**] Of the District of Rhode Island, sitting by designation.

brief, for appellees Commonwealth of Puerto Rico; Puerto Rico Department of the Family; Puerto Rico Department of the Family, Unit of Substitute Care of Adults; Félix Matos-Rodríguez; and State Psychiatric Hospital.

———————————

May 13, 2008

———————————

**TORRUELLA**, **Circuit Judge**.  Dolores H. Cao, an elderly resident of Cupey, Puerto Rico, was removed from her home, made to undergo a psychological evaluation, and placed in a substitute home and, later, a state institution for the elderly, by the Puerto Rico Family Department ("the Department").  She seeks recovery under 42 U.S.C. §§ 1981 and 1983 for alleged violations of her procedural due process and equal protection rights, as well as under several state law causes of action.  The district court dismissed Cao's complaint under Federal Rule of Civil Procedure 12(b)(6).  After careful consideration, we affirm the district court's dismissal.

## I. Background

Cao is a seventy three year-old woman who, at the time of these incidents, lived alone in a very rundown house; its roof had severe leaks and wild doves had entered through the openings and nested inside.  On March 16, 2004, Cao was removed from her home by a Department social worker for fear that she was living in subhuman conditions and suffering from Alzheimer's disease.  After removing Cao, the social worker took her to the local police department.  Police officers transported Cao to the state psychiatric hospital where she was evaluated by two doctors.  They diagnosed her with Senile Dementia Alzheimer I.

A Puerto Rico state court ordered Cao placed in a substitute home.  On March 29, 2004, the court granted temporary custody over Cao to her son, and she was sent to live with him for

a period of ten months.  This placement was cut short, however, due to overcrowding and financial problems, and on December 1, 2004,[1] Cao was transferred to a state institution for the elderly.  She remained there until May 2005, when she returned to her own home and brought an action in state court contesting her Alzheimer's diagnosis.  Cao was able to prove that she had never suffered from the disease and, on July 21, 2005, the state court dismissed the Department's ongoing custody proceedings and lifted the temporary custody order it had granted Cao's son.

Cao then filed a complaint in federal district court on June 26, 2006. In it, she sought recovery under 42 U.S.C. §§ 1981 and 1983 for alleged violations of her procedural due process and equal protection rights.  She also put forth several state law causes of action.  Cao named as defendants, inter alia, the Commonwealth of Puerto Rico, the Department and its Substitute Care of Adults Unit, the State Psychiatric Hospital, and former Department Secretary Yolanda Zayas (collectively, "the Commonwealth").  The Commonwealth moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion on November 28, 2006.  In its Opinion and Order, the district court found § 1981 inapplicable because Cao had failed

---

[1]  This was the date utilized by the district court in its dismissal order.  Inasmuch as Cao's brief refers to both December 1, 2004 and December 12, 2004 in connection with Cao's entry into the state elderly citizens' institution, the use of either date does not affect our analysis.

to allege any racial discrimination; Cao's § 1983 claims failed because they were time-barred, and the district court declined to exercise supplemental jurisdiction over her state law claims. Cao now appeals the district court's dismissal of her § 1983 and state law claims.[2]

## II. **Discussion**

### A. **42 U.S.C. § 1983**

Section 1983 grants plaintiffs a private cause of action to recover for certain constitutional violations. See 42 U.S.C. § 1983 (2000); Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008). In bringing suit, however, plaintiffs must act within the prescribed statute of limitations; otherwise, the defendant may use the untimely filing as an affirmative defense which, if validated, precludes the court from granting the requested relief. See In re Cumberland Farms, Inc., 284 F.3d 216, 225 (1st Cir. 2002). Both parties agree that, in determining the applicable prescriptive period for a § 1983 claim, we look to the statute of limitations period for personal injury cases in the forum state. Ruiz-Sulsona v. Univ. of P.R., 334 F.3d 157, 159 (1st Cir. 2003). In Puerto Rico, where the complained-of actions took place, the statute of

---

[2] In her appellate brief, Cao asserts that she is entitled to Title VII protection. As this argument is not developed beyond a cursory mention, we deem it to be waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

limitations for personal injury and, hence, § 1983 cases is one year.  Id.; P.R. Laws Ann. tit. 31, § 5298(2) (2005).

The parties nevertheless disagree on the day this one year term accrued.  Under federal law, a § 1983 statute of limitations ordinarily accrues when the aggrieved person "'knows, or has reason to know, of the injury on which the action is based.'"  Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997) (per curiam) (quoting Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992)).  The Commonwealth identifies this as occurring on March 16, 2004, the day Cao was first removed from her home, while Cao instead puts forth August 2, 2005, the day she was notified that the state court had dismissed all custody proceedings against her.  Cao's preferred date is identified based on her theory that an element implicit in our accrual date analysis is that the plaintiff have "the ability to act legally with capacity."  She asserts that she lacked this ability until the state custody proceedings against her were dismissed.

Cao's argument is misguided.  As we have time and again repeated, the accrual date for a § 1983 action is simply the date when the potential plaintiff knew or should have known that she was harmed.  See, e.g., Villanueva-Méndez v. Nieves-Vázquez, 440 F.3d 11, 15 (1st Cir. 2006) (citing Chardón v. Fernández, 454 U.S. 6, 8 (1981)).  In the case at bar, Cao had, or should have had, this knowledge on March 16, 2004, the day she was removed from her home.

At the very latest, Cao should have known of her injury on December 1, 2004, the date of her last alleged violation: her placement in the state elderly citizens' home. Cf. Evans v. City of Chicago, 434 F.3d 916, 935 (7th Cir. 2006) (finding a claim to be time-barred based on the date of the plaintiff-appellant's last injury); see also Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (holding that, in the context of a conspiracy to violate civil rights, the statute of limitations runs separately for each alleged civil rights violation). Even under this later accrual date though, the statute of limitations for Cao's § 1983 claim expired one year later on December 1, 2005; more than a year and a half before Cao filed her complaint.

Cao nonetheless persists in arguing that her alleged incapacity during the pendency of the state court custody proceedings mandates the application of equitable tolling. Equitable tolling, however, is a doctrine sparsely applied, and it cannot be used to rescue a plaintiff from his or her lack of diligence. Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). In the case at hand, Cao neglected to argue equitable tolling at the trial level until her motion for reconsideration. She thus failed to preserve her equitable tolling argument for appeal. See Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) ("The presentation of a previously unpled or undeveloped argument in a motion for reconsideration neither cures the original

-7-

omission nor preserves the argument as a matter of right for appellate review."). The district court summarily denied Cao's motion for reconsideration, and we cannot say this was in abuse of its discretion. Id.; accord Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25-26 (1st Cir. 2007) (identifying our standard of review for denial of a motion for reconsideration as abuse of discretion, and failing to find this standard met where such motion was used to present a new or previously undeveloped argument). The district court properly dismissed Cao's § 1983 claim as untimely.

**B. State Law Claims**

As the district court correctly found Cao's § 1983 claim time-barred, no federal cause of action remains. Under 28 U.S.C. § 1367(c) then, the district court was well within its discretion in declining to exercise its supplemental jurisdiction over the remaining state law claims. See Morales-Santiago v. Hernández-Pérez, 488 F.3d 465, 472 (1st Cir. 2007). Because these state law claims were dismissed without prejudice, Cao is free to assert them in the appropriate state forum. See Orta-Castro v. Merck, Sharpe & Dohme Química P.R., Inc., 447 F.3d 105, 114 (1st Cir. 2006).

**III. Conclusion**

In accord with our analysis, the district court's dismissal is affirmed.

**Affirmed**.

-8-