# United States Court of Appeals
## For the First Circuit

No. 02-1608

WILSON RUIZ-SULSONA,

Plaintiff, Appellant,

v.

UNIVERSITY OF PUERTO RICO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge,

and Selya, Circuit Judge.

Israel Roldán-González, for appellant.
Raquel M. Dulzaides, with whom Carlos George, Sonia B. Alfaro-de la Vega, and Jiménez Graffam & Lausell, were on brief, for appellees.

July 3, 2003

**TORRUELLA, Circuit Judge.** Plaintiff-Appellant, Wilson Ruiz-Sulsona ("Ruiz"), appeals from the dismissal of his political discrimination suit against the University of Puerto Rico and several members of its faculty. The district court found that his claims were time barred and lacked sufficient evidence. After careful review, we affirm with additional clarification.

## I.   Background

The University of Puerto Rico, Aguadilla Campus ("University"), hired Ruiz to serve as a professor on a part-time basis beginning in August, 1995. After Ruiz had worked at the University for almost two years, the University did not renew his service contract for the 1997-1998 school year. In May and June 1997, Ruiz applied for a probationary professor position at the University. The University did not hire Ruiz to fill any position.

Ruiz then filed suit against five faculty members of the Department of Business Administration who served on the Department's Personnel Committee (the "Department") and the University, claiming that Defendants[1] did not renew his teaching contract because he is a member of Puerto Rico's New Progressive Party (NPP). In addition to asserting claims under the laws and constitution of Puerto Rico, Ruiz filed a § 1983 action, alleging

---

[1]   Defendants include the University of Puerto Rico, Diana Ruiz Gómez, Pedro N. González, Luis Crespo-Bello, Fernando Neris-Flores, and Miguel González Valentín. Crespo-Bello was the Director of the Department until he retired in 1996; he was succeeded by Diana Ruiz Gómez ("Defendants").

violations of his rights under the First, Fifth, and Fourteenth Amendments. The district court dismissed the case, adopting the magistrate judge's report and recommendation, which found that summary judgment should be granted in favor of Defendants because Ruiz's claims were barred by the applicable statute of limitations and because Ruiz lacked trial-worthy evidence. Ruiz appeals.

## II. Standard of Review

We review summary judgment decisions de novo, construing the facts in the light most favorable to the nonmoving party. Kauch v. Dep't for Children, Youth & Their Families, 321 F.3d 1, 3-4 (1st Cir. 2003). Summary judgment is appropriate where there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56.

## III. Discussion

### A. Section 1983 Claims

The district court found that Ruiz's § 1983 claims were time barred. In cases brought pursuant to 42 U.S.C. § 1983, we apply the forum state's statute of limitations period for personal injury actions, which in Puerto Rico is one year. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). We then apply federal law to determine when the limitations period begins to accrue. Id. In most instances, the date of accrual occurs "when the plaintiff knows, or has reason to know, of the injury on which the action is based." Id. In wrongful discharge suits, such as the case before us, "the statute of limitations begins to run when

the plaintiff learns of the decision to terminate his employment." Id. To qualify as the accrual date, it is only necessary that "the employee reliably knew he had lost his job, not the date when the employer dotted a particular 'i' or crossed a particular 't.'" Id.

As he admitted in his deposition, Ruiz learned that the University would not renew his contract in May of 1997. However, Ruiz did not file his complaint until June of 1998, a date falling outside the one-year statute of limitations period. Ruiz contends, however, that the accrual period properly begins in August, 1997 because, although he knew in May, 1997 that his earlier contract would not be renewed, he had a reasonable expectancy of being re-hired or of being appointed to a new position until he met with Dean Segarra de Jaramillo in August, 1997. It was at the August, 1997 meeting that Dean Segarra de Jaramillo made it clear to Ruiz that the University would not hire him for any teaching position.

We reject Ruiz's position. As the Supreme Court explained, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" AMTRAK v. Morgan, 536 U.S. 101, 114 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Campbell v. BankBoston, N.A., 327 F.3d 1, 26 (1st

-4-

Cir. 2003) (citation omitted). The Supreme Court has distinguished between claims involving discrete incidents of discrimination and retaliation from hostile work environment claims. Morgan, 536 U.S. at 110-116. "[H]ostile work environment claims do not turn on single acts but on an aggregation of hostile acts extending over a period of time." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 18 (1st Cir. 2002). Consequently, the statute of limitations "will not exclude acts that are part of the same unlawful employment practice if at least one act falls within the time period." Dressler v. Daniel, 315 F.3d 75, 79 (1st Cir. 2003). In contrast, acts such as those alleged by Ruiz -- failure to renew his contract and failure to hire him for a new position -- constitute discrete acts, for which claims must be filed within the time period. Rivera v. P.R. Aqueduct and Sewers Auth., No. 02-1349, 2003 U.S. App. LEXIS 11459, *11 (1st Cir. 2003).

The non-renewal of Ruiz's teaching contract in May, 1997 constituted a discrete incident of alleged discrimination, and Ruiz had an obligation to file within the appropriate time period. While in an appropriate case we have the ability to toll the time period by applying an equitable doctrine, Morgan, 536 U.S. at 122, we decline to do so because applying the statute of limitations creates no injustice to Ruiz. Ruiz claims that he knew all along that he was being discriminated against for his political beliefs. When he realized that his temporary contract would not be renewed,

he had an obligation to file his claim.  For us to decide otherwise would allow a plaintiff to extend the statute of limitations merely by applying for additional positions, even though the employer has clearly terminated his employment.

The University's refusal to hire Ruiz for a new position that Ruiz applied for in June, 1997 would qualify as a discrete act of alleged discrimination falling inside the filing period.  However, Ruiz has not brought a claim for denial of a new position.  Ruiz's complaint focuses on how Defendants' actions resulted in the non-renewal of his work contract.  The first mention of his May and June, 1997 applications for new positions is found in Plaintiff's Motion in Opposition to Summary Judgment.  Because there are no circumstances present that warrant departure from the general rule that arguments "not seasonably advanced below" are lost, we find that Ruiz has waived an independent claim for denial of additional positions.  Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987) (explaining that the prudential basis for not considering new theories on appeal lies in fairness; plaintiff should not be able to idle and then produce arguments that the defendant had no cause to rebut and the district judge had no cause to examine).  Consequently, we find that the district court properly dismissed Ruiz's § 1983 claims as untimely.[2]

---

[2]  Because we affirm based on Ruiz's failure to file within the statute of limitations, we need not reach Ruiz's sufficiency of the evidence claim.

**B. Pendent State Claims**

We find that the district court was well within its discretion in refusing supplemental jurisdiction over the state law claims. As a general rule, where the district court dismisses the federal claims before trial, the court should dismiss the state law claims without prejudice. <u>Rodríguez</u> v. <u>Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995).

## IV. Conclusion

For the reasons explained above, we **<u>affirm</u>** the judgment of the district court.