**Julio COLLAZO–PEREZ, Plaintiff**

v.

**Commonwealth of PUERTO RICO; Superintendent, Administración De Corrección (Corrections Administration); Porfirio Green, Chief of Security, Defendants.**

Civil No. 14–1134(CCC).

United States District Court, D. Puerto Rico.

Signed Feb. 20, 2015.

Signed March 16, 2015.

Julio Collazo–Perez, Aguadilla, PR, pro se.

Aurea Yadira Rivera–Alvarado, Puerto Rico Department Of Justice, San Juan, PR, for Defendants.

## JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the analysis and conclusions set forth in the Magistrate–Judges Report and Recommendation filed on February 20, 2015 (D.E. 18), as well as the allegations raised in the *pro se* Complaint (D.E. 2) and the Amended Complaint filed on February 18, 2014 by the plaintiff before the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part of Guayama, which was dismissed by a Final Judgment, said Report and Recommendation (**D.E. 18**) is APPROVED and ADOPTED in its entirety. Accordingly, it is ORDERED and ADJUDGED that the *pro se* complaint be and is hereby DISMISSED.

SO ORDERED AND ADJUDGED.

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

Plaintiff inmate Julio Collazo Perez has filed a *pro se* complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, claiming that his civil rights were violated by the defendants, and that as a result of that violation he has suffered damages which he values at $75,000. (Docket No. 2 at 6). Claims are brought against the Superintendent of the Corrections Administration, and Porfirio Green who was Head of Security at the Bayamon Penal Complex (where plaintiff found himself imprisoned in April, 2009). (Docket No. 2 at 5). When plaintiff first filed the complaint in this court, he was housed in a penal institution in Aguadilla, and was later transferred to a penal institution in Guayama. (Docket No. 6). He is now apparently back at the Aguadilla penal institution. (Docket No. 16). He is serving a 49–year sentence for robbery and has previously been in medium custody at the Aguadilla prison.

Plaintiff claims that he was the author of confidential information which was disseminated to the penal population of the correctional institution at Bayamon (1072) in late April, 2009 by the Head of Security there, Mr. Porfirio Green, and that due to a poorly executed search of the prisoners and their cells (further explained), plaintiff's life was placed at risk as well as was his rehabilitation. (Docket Nos. 2 at 5; 7 at 1). Plaintiff states that Mr. Green is incompetent, and asks that he be relieved from his post. He holds the Superintendent of the Corrections Administration responsible for anything that might happen to him. Finally he seeks damages payable by the Commonwealth of Puerto Rico in the amount of $75,000 to compensate him for damages suffered. (Docket No. 2).

On June 25, 2014, the defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure. (Docket No. 15). Without waiving any affirmative defenses, they also

argue that they are protected from suit based on sovereign immunity under the Eleventh Amendment. Finally, they move to dismiss the complaint based on res judicata because not only has plaintiff previously filed the same cause of action against the same defendants in a Commonwealth court in Aguadilla, but also because that trial court ruled against him, as did the Commonwealth court of appeals. In the alternative, the defendants correctly note the procedural defect that plaintiff has failed to provide English translations for his pleadings written in the Spanish language. (Docket No. 15 at 9). This is a common *pro se* phenomenon in this court.

■■■ In accordance with the liberal pleading standard of Rule 8(a)(2), Federal Rules of Civil Procedure, and because petitioner is proceeding *pro se*, his pleadings are " 'to be liberally construed,' *Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285 [50 L.Ed.2d 251 (1976) ], and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' *Ibid.*" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (following *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997); *see Castro v. United States,* 540 U.S. 375, 381, 124 S.Ct., 786, 157 L.Ed.2d 778 (2003) (noting that courts may construe *pro se* pleadings so as to avoid inappropriately stringent rules

and unnecessary dismissals of claims). All well-pleaded factual averments made by a *pro se* plaintiff and reasonable inferences drawn therefrom must be accepted as true. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

Plaintiff prisoner apparently provided some information to the authorities, and that fact was carelessly (and indirectly) shared with other prisoners in Bayamon (1072), where Mr. Green was then head of security. This occurred in late April, 2009. Aside from appearing to have been unhappy and insecure in penal institutions other than the one in Aguadilla where he again resides, petitioner does not relate many other facts beyond this claim and the information before the court. He mentions that because he has been placed in solitary confinement in Guayama, he has been denied the benefits of rehabilitation, therapies, schooling, and any other program which Corrections offers. (Docket No. 7). He notes that he was doing well, adjusting well in Aguadilla, until being arbitrarily transferred to Guayama on April 8, 2014. He wishes to be returned to Aguadilla (where he apparently is now, or at least since October, 2014, and also where he does not run the risk to his safety as he did in Guayama).

■■■ Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. *See* 42 U.S.C. § 1983;[1] *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Wilson v.*

---

1. 42 U.S.C. § 1983 provides that:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

*Town of Mendon,* 294 F.3d 1, 6 (1st Cir. 2002). In order for a defendant to be held liable under section 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation. *See Monell v. Dep't of Soc. Servs. of City New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Soto v. Flores,* 103 F.3d 1056, 1061–62 (1st Cir.1997). If Mr. Collazo–Perez's claim alleges a violation of federal constitutional law effected by state actors, his suit properly arises under section 1983. However, if it does not, then it cannot survive a Rule 12(b)(6) motion. Plaintiff does not specifically or generically describe which one of his civil rights was violated. He does not invoke the violation of any particular constitutional right. Nor does he refer to any specific statutory violation. The court may possibly intuit that he is charging a violation to substantive or procedural due process at best because the facts related may point to carelessness or negligence but nothing else if that. For the plaintiff to succeed in a procedural due process claim it must be found that he was deprived of a property interest without a constitutionally adequate process. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *PFZ Props., Inc. v. Rodríguez,* 928 F.2d 28, 30 (1st Cir.1991); *Del Toro–Pacheco v. Pereira–Castillo,* 662 F.Supp.2d 202, 214 (D.P.R. 2009). In order to support a finding that his substantive due process rights were violated, plaintiff "ha[s] to prove that [he] suffered [a] deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience." *Clark v. Boscher,* 514 F.3d 107, 112–13 (1st Cir.2008) (citing *Pagán v. Calderón,* 448 F.3d 16, 32 (1st Cir.2006); *Rivera v. Rhode Island,* 402 F.3d 27, 33–34 (1st Cir.2005)). Substantive Due Process protects individuals from "particularly offensive actions on the part of government officials...." *Pagán v. Calderón,* 448 F.3d at 32. These standards have not been met by the facts in the complaint, regardless of how liberally the court may intuit a cause of action based upon a violation of the Constitution.

## I. FAILURE TO STATE A CLAIM

■ Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R.Civ.P. 12(b)(6). Dismissal under the rule is appropriate where the plaintiff has failed to show its claim is at least "plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *Perry v. New England Bus. Serv., Inc.,* 347 F.3d 343, 344 (1st Cir.2003) (citing *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 16 (1st Cir. 1998)).

■ Nothing that plaintiff describes amounts to or approaches a violation of a federal constitutional or statutory law. Admittedly, the safety and security of all prisoners is protected by the Constitution. *See DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 190, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *Youngberg v. Romeo,* 457 U.S. 307, 315–16, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). However, to state a constitutional claim that the defendants endangered him, plaintiff must allege that the defendants were aware of and deliberately indifferent to a serious risk to his safety. *See Burrell v. Hampshire County,* 307 F.3d 1, 7 (1st Cir.2002). Plaintiff alludes to negligence on the part of Mr. Green in immediately transferring plaintiff to another institution in 2009. At the same time, in a practical sense, the

immediate transfer is the surest way to secure the safety of plaintiff rather than await the trickling of information through the porous network of prisoners. In any event, the complaint describes a degree of negligence which cannot be stretch into a civil rights action based upon the deprivation of some unidentified constitutional right or right based upon statutory laws. *See e.g. Toro–McCown v. Quintana–Mendez*, 664 F.Supp.2d 152, 153–55 (D.P.R. 2009); *Estate of Radames Tejada v. Flores*, 596 F.Supp.2d 205, 220–22 (D.P.R. 2009); *Velazquez De Jesus v. Banco Popular de Puerto Rico*, 2009 WL 3486777 at *6 (D.P.R. October 21, 2009). There is simply no conscience shocking action by Mr. Green or any other person associated with the defendants that reaches the level of a constitutional violation.

## II. SOVEREIGN IMMUNITY

The Eleventh Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

 The Eleventh Amendment applies not only to states but also to state agencies acting as "alter egos" to the state. *See Ainsworth Aristocrat Int'l Pty. v. Tourism Co. of the Commonwealth of P.R.*, 818 F.2d 1034, 1036 n. 2 (1st Cir. 1987) (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Similarly, the Eleventh Amendment extends not only to state agencies acting as alter egos to the state but also to state employees exercising their official duties. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Cosme–Perez v. Mun. of Juana Diaz*, 585 F.Supp.2d 229, 236 (D.P.R.2008). It appears that Mr. Green was at all times acting within the scope of his employment, in his official capacity, and therefore is immune from judgment.

 The Puerto Rico government can be sued if it has consented to be sued by statute or if the right has been waived by Congress. *Ramírez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983). However, "[t]he eleventh amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, . . ., and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." *Culebras Enter. Corp. v. Rivera Ríos*, 813 F.2d 506, 516 (1st Cir.1987) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). That is exactly what is happening in this case. *See Calderon v. Department of Corrections*, 1997 WL 557623 at *2 (D.P.R. August 28, 1997). Indeed, plaintiff expects to be paid by the Commonwealth. (Docket No. 2).

Petitioner has presented a terse statement as to how his rights have been violated and gives almost no facts except for a conclusory statement that Mr. Green betrayed his confidence, blew his cover, and placed his security and life at risk. Clearly Mr. Green's actions were in the scope of his employment. Therefore he is immune from suit for damages. The fatal outcome of petitioner's action is also secured by a previous ruling based upon the identical allegations presented here. I explain.

## III. RES JUDICATA

Petitioner filed a civil action seeking damages against the same defendants in this case in the Court of First Instance, Superior Court Guayama Part on May 17, 2012. (Civil No. GDP 2011–0131). (Docket No. 1–2). He explains in that complaint that he had requested a transfer from the Bayamon criminal facility to Aguadilla but Mr. Green asked petitioner for information regarding prisoners' possessing cellular phones and knives in exchange for the transfer. This occurred in late April 2009. Petitioner gave Mr. Green information about prisoners, including those possessing drugs. Petitioner was then informed that a sweep would be performed on a certain date and that sweep resulted positive. All the prisoners in the section were placed sitting on the basketball court (cancha) and 20 minutes into the sweep, Mr. Green told plaintiff to get up and gather his belongings. Petitioner was then transferred to Aguadilla. He was thus "burned" by the incompetent head of security.

In March 2010, petitioner was sent to Guayama from Aguadilla and he was immediately identified as the snitch from Bayamon (1072). Some of the Bayamon prisoners were present in Guayama. Thus, petitioner had to live in maximum security. He was thus denied the services for rehabilitation and reintegration into the free society. Therefore Mr. Green committed gross negligence in the manner he handled the sweep. This has caused petitioner to suffer severe depression and suicidal ideation, fearing for his life and security.

The case was dismissed on August 1, 2013 by Judge Eliza A. Fumero. Petitioner appealed and the Court of Appeals, Bayamon Judicial Region dismissed the appeal on October 28, 2013, because petitioner's pleadings lacked any of the required formalities to perfect an appeal. (No. KLAN 2013–1608).

Defendants argue that the doctrine of res judicata bars this action. In order for res judicata or claim preclusion to apply, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action". *Total Petroleum Puerto Rico Corp. v. Torres–Caraballo,* 631 F.Supp.2d 130, 132 (D.P.R.2009), quoting *Perez v. Volvo Car Corp.,* 247 F.3d 303, 311 (1st Cir.2001), quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under Puerto Rico law, any party asserting a res judicata must make a tripartite showing: "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions, and (iii) a perfect identity of the parties and the capacities in which they acted." *R.G. Fin. Corp. v. Vergara–Nuñez,* 446 F.3d 178, 183 (1st Cir.2006) (citing *Boateng v. InterAmerican Univ. Inc.,* 210 F.3d 56, 61–62 (1st Cir.2000)), cited in *Melendez v. Autogermana, Inc.,* 606 F.Supp.2d 189, 200 (D.P.R.2009). It is clear from the captions of the local trial and appellate cases as well as the caption of the present case that there is perfect identity of the parties. The relation of facts gravitates around the incident occurring in late April, 2009 and Mr. Green myopically letting prisoners conclude that the information leading to the sweep came from plaintiff. Plaintiff also complained then and now that he was denied rehabilitation, this due to his being placed in maximum security for his own safety. Finally, the prior judgment has run its course in the local court and the judgment of dismissal is final. Therefore, the doctrine of res judicata bars relitigating the state action in federal court under the rubric of 42 U.S.C. § 1983.

In conclusion, plaintiff has failed to state a claim upon which relief can be granted, all defendants are immune from suit based

upon the doctrine of sovereign immunity, and the doctrine of res judicata bars recovery in this court. Indeed, as plaintiff is proceeding as a pauper, the court is further empowered to dismiss his complaint because if fails to state a claim on which relief can be granted and because the defendants are immune from suit. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

Accordingly, in view of the above, it is my recommendation that the complaint be dismissed based on the three arguments made by defendants. However, I address the alternative ground for dismissal, based upon the procedural defect caused by plaintiff's having failed to provide English translations for his pleadings and documents written in the Spanish language. (Docket No. 15 at 9). *See Gonzalez–DeBlasini v. Family Dept.*, 377 F.3d 81, 89 (1st Cir.2004); *Magee v. BEA Const. Corp.*, 2014 WL 457663 at *5 (D.P.R. Feb. 4, 2014); *Alexandre v. Department of Natural and Environmental Resources of the Commonwealth of Puerto Rico*, 2005 WL 2416362 at *2 (D.P.R. Sept. 30, 2005); *cf. Gonzalez–Rivera v. Matias*, 2009 WL 2981941 at *2 n. 2 (D.P.R. Sept. 11, 2009).

## IV. LOCAL RULE 5(g)

The only documents submitted by plaintiff that are in the English language and are also in the Spanish language are 1) motion to proceed *in forma pauperis* (a form originated in this court), 2) affidavit in support of motion to proceed *in forma pauperis* (a form originated in this court), and 3) form to be used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. (Docket Nos. 1, 2, 4, 5). *See Acevedo–Cruz v. Villegas*, 2009 WL 2366419 (D.P.R. July 29, 2009). To a non-Spanish speaker, the complaint is operationally blank and unsupported. The general rule is that documents and pleadings filed in the Spanish language and not accompanied by an English translation cannot be entertained by the court. Local Rule 5(g), United States District Court for the District of Puerto Rico. *See Esteves Gonzales v. Embajada De La Republica Dominicana*, 497 F.Supp.2d 279 (D.P.R. 2007); *Class v. Commonwealth of Puerto Rico*, 309 F.Supp.2d 235, 238 (D.P.R.2004); *Quiñones v. Puerto Rico Hosp. Supply, Inc.*, 307 F.Supp.2d 352, 361 n. 1 (D.P.R. 2004); *Garcia–Clavelo v. Nogueras–Cartagena*, 2010 WL 4273924 at *2 (D.P.R. Oct. 29, 2010); *Valle–Nieves v. Pereira–Castillo*, 2010 WL 597367 at *1 (D.P.R. Feb. 11, 2010); *cf. Torres Santa v. Rey Hernandez*, 279 F.Supp.2d 124, 125–129 (D.P.R.2003); *Ortiz–Bonilla v. Melendez–Rivera*, 2009 WL 2151299 at *5 (D.P.R. July 13, 2009). This lack of translations actually trumps the other defenses since the violation is obvious and immediately fatal based upon a clear violation of federal statute. See 48 U.S.C. 864; *United States v. Millan–Isaac*, 749 F.3d 57, 63–64 (1st Cir.2014); *Talavera–Ibarrondo v. Municipality of San Sebastian*, 901 F.Supp.2d 306, 309 n. 6 (D.P.R.2012); *cf. Colon v. Blades*, 914 F.Supp.2d 193 196 n. 3 (D.P.R.2012). The language of the United States District Court is English. The pleadings are in Spanish. The defect as to form is therefore fatal. Consequently the complaint must be dismissed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co.*

*v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987).